PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialatttorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>COT'N WASH, INC., a Pennsylvania corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.  2:20-CV-09327 VAP (AGRx)<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declarations of VaShaun Jones and Scott J. Ferrell and Request for Judicial Notice filed concurrently herewith]<br><br>Date:  November 23, 2020<br>Time: 2:00 p.m.<br>Ctrm:  8A<br>Judge: Hon. Virginia A. Phillips |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 23, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 8A of the United States District Court for the Central District of California, located at First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, the Honorable Virginia A. Phillips, United States District Judge, presiding, Plaintiff Abelardo Martinez, Jr., ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand on the grounds that the action does not arise under the laws of the United States, the amount in controversy is insufficient to warrant removal on diversity grounds, and the action is not otherwise within the removal jurisdiction of this Court.   28 U.S.C. §§ 1332(a), 1441(a).

This motion is made pursuant to 28 U.S.C. § 1447(c).  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declarations of VaShaun Jones and Scott J. Ferrell, the Request for Judicial Notice, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 9, 2020.

Dated:  October 20, 2020                    PACIFIC TRIAL ATTORNEYS
                                            A Professional Corporation


                                            By: _/s/Scott J. Ferrell_____
                                            Scott J. Ferrell
                                            Attorney for Plaintiff

# **TABLE OF CONTENTS**

I.  ARGUMENT ........................................................................................... 1

    A.  Applicable Law ............................................................................ 1

    B.  Plaintiff Concedes That There Is Diversity of Citizenship Between the
        Parties. ....................................................................................... 3

    C.  Plaintiff's Complaint and His Reaffirmation of the Recovery Cap Via the
        Instant Motion Approximate a Binding Stipulation As Recently Held by
        the Court in *Rios v. Wirepath Home Systems, LLC*.................................. 3

    D.  Defendant Has Failed to Satisfy Its Burden of Proof to Show that the
        Exception to the General Rule Applies Under the Preponderance of the
        Evidence Standard. ....................................................................... 5

        1.  The Complaint Only Seeks Statutory Damages. ........................... 5

        2.  Defendant's Estimate of Plaintiff's Attorneys' Fees Is Speculative
            and Not a Conservative Estimate. ......................................... 7

            a.  Defendant Omits the Awards in *Davis v. BMI/BNB
                Travelware Co.* and *Thurston v. Midvale Corp*...................... 8

            b.  The Fee Requests Sought in Both *Davis v. BMI/BNB
                Travelware Co.* and *Thurston v. Midvale Corp.* Sought
                Multipliers, Which Is Unreasonable to be Awarded in the
                Instant Action.......................................................... 9

            c.  The Actual Fee Awards Imposed in *Davis v. BMI/BNB
                Travelware Co.* and *Thurston v. Midvale Corp.* Are Far More
                Relevant in Evaluating a Realistic Fee Award in the Instant
                Action Than the Fee Award Requests Made Therein. ......... 10

            d.  *Baracco v. Brooks Brothers Group, Inc.* Is Directly on
                Point. ................................................................... 10

            e.  Defendant Fails to Take a Position Regarding the
                Appropriate Hourly Rates for Plaintiff's Counsel............... 11

            f.  Defendant Fails to Take a Position Regarding the Number of
                Hours that Plaintiff's Counsel Should Reasonably Expend on
                the Instant Action................................................... 12

g.    Defendant Fails to Identify What Percentage of Time Should Apply a Partner Rate Versus a Lower Rate. ........................... 13

3.    Defendant Has Failed to Reasonably Calculate the Cost of Injunctive Relief by a Preponderance of the Evidence. .................. 16

a.    The Prayer for Relief Limits the Cost of Injunctive Relief Sought. ................................................................................... 16

b.    Defendant Has Failed to Address the Cost to Hire an Outside Vendor to Remediate the Website to Remove the Specific Barriers Alleged in the Complaint. ....................................... 16

c.    *Baracco v. Brooks Brothers Group, Inc.* Supports Plaintiff's Position. ............................................................................. 19

d.    A Website Remediation Vendor Has Estimated that the Remediation Cost Shall Be Well Under $20,000. ................ 20

e.    The Finding in *Gil v. Winn-Dixie Stores, Inc.* Is Significant. ........................................................................... 20

f.    The U.S. Department of Justice Has Provided Guidance Indicating that Remediating Websites Is Not Especially Costs ................................................................................... 21

II.    CONCLUSION ................................................................................. 21

PLAINTIFF'S MOTION TO REMAND

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Antonio v. Central Florida Inv., Inc.*,
  2016 WL 4267941 (C.D. Cal. Aug. 11, 2016) .......................................... *passim*

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ....................................................................6

*Avila v. Con-Way Freight, Inc.*,
  2012 WL 12887771 (C.D. Cal. May 18, 2012) .................................................14

*Baez v. Pension Consulting Alliance, Inc.*,
  2018 WL 2572643 (C.D. Cal. Apr. 30, 2018) (Klausner, J.) .............................13

*Baracco v. Brooks Brothers Group, Inc.*,
  2019 WL 276840 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.)...................... *passim*

*Blood v. Equifax, Inc.*,
  2018 WL 36736960 (C.D. Cal. July 30, 2018)....................................................1

*Botosan v. Paul McNally Realty*,
  216 F.3d 827 (9th Cir. 2000) ....................................................................5

*Brown v. Citibank USA, N.A.*,
  2014 WL 5810333 (C.D. Cal. Nov. 7, 2014) (Snyder, J.)...................................4

*Burns v. Windsor Ins. Co.*,
  31 F.3d 1092 (11th Cir. 1994) ....................................................................5

*Cabanillas v. Select Portfolio Servicing, Inc.*,
  2016 WL 1600827 (C.D. Cal. Apr. 20, 2016) ...................................... 14, 18, 19

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014)...................................................................................2, 3

*Davis v. City & Cty. of San Francisco*,
  976 F.2d 1536 (9th Cir. 1992) .........................................................................13

*Diaz v. Taskrabbit, Inc.*,
  No. 1:19-cv-00071-JPO (S.D.N.Y. Apr. 26, 2019) ...........................................17

*Duncan v. Stuetzle*,
   76 F.3d 1480 (9th Cir. 1996) ................................................................1

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ............................................................7, 8

*Garcia v. Lifetime Brands, Inc.*,
   2016 WL 81473 (C.D. Cal. Jan. 7, 2016) ......................................3, 20

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) (per curiam) ................................. *passim*

*Gil v. Winn-Dixie Stores, Inc.*,
   257 F. Supp. 3d 1340 (S.D. Fla. 2017), *appeal docketed*, No. 17-13467
   (11th Cir. Aug. 1, 2017)...................................................................20

*Grant v. Nunez*,
   2011 WL 3022532 (C.D. Cal. July 20, 2011) (Snyder, J.) ...........15, 18

*Gunn v. Minton*,
   568 U.S. 251 (2013)..............................................................................1

*Hernandez v. Grullense*,
   2014 WL 1724356 (N.D. Cal. Apr. 30, 2014) ....................................13

*Hernandez v. Towne Park, Ltd.*,
   2012 WL 2373372 (C.D. Cal. June 22, 2012) (Morrow, J.)...............15

*Hubbard v. Rite Aid Corp.*,
   433 F. Supp. 2d 1150 (S.D. Cal. 2006).............................................5, 6

*Hubbard v. Twin Oaks Health and Rehabilitation Center*,
   408 F. Supp. 2d 923 (E.D. Cal. 2004) ..................................................6

*Hunter v. Philip Morris USA*,
   582 F.3d 1039 (9th Cir. 2009) ..............................................................1

*Ibarra v. Manheim Invs., Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ................................................. *passim*

*In re Ford Motor Co./Citibank (So. Dakota), N.A.*,
   264 F.3d 952 (9th Cir. 2001) ..............................................................16

*Johnson v. Wells Fargo Home Mortgage*,
   2012 WL 1229880 (C.D. Cal. Apr. 11, 2012) ....................... 14, 15, 19

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) ................................................................................1

*Licea v. Makeup Eraser LLC*,
    No. 5:19-cv-00432-PSG-SHK, Dkt. 15 (C.D. Cal. Apr. 22, 2019)
    (Gutierrez, J.) ..........................................................................................4

*Licea v. Vita Liberata USA LLC*,
    2019 WL 2448207 (C.D. Cal. June 12, 2019) (Fischer, J.) ..................4

*Lowdermilk v. United States Bank Nat'l Ass'n*,
    479 F.3d 994 (9th Cir. 2007) ...........................................................15, 18

*Martinez v. Epic Games, Inc.*,
    2020 WL 1164951 (C.D. Cal. Mar. 10, 2020)...................................3, 4

*Martinez v. Johnson & Johnson Consumer Inc.*,
    - F. Supp. 3d - , 2020 WL 3820392, at *4 (C.D. Cal. July 8, 2020)
    (Klausner, J.)......................................................................................3, 17

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ..............................................................2

*Mejico v. Online Labels, Inc.*,
    2019 WL 3060819 (C.D. Cal. July 12, 2019)..........................6, 14, 18

*National Fed'n of the Blind v. Target Corp.*,
    452 F. Supp. 2d 946 (N.D. Cal. 2006) ..................................................9

*Pettingill v. Scottsdale Ins. Group*,
    2008 WL 200011 (E.D. La. Jan. 18, 2008)......................................8, 17

*Rangel v. Bridgestone Retail Operations, LLC*,
    200 F. Supp. 3d 1024 (C.D. Cal. 2016) ..............................................14

*Reyes v. Staples Office Superstore, LLC*,
    2019 WL 4187847 (C.D. Cal. Sept. 3, 2019) ..................... 7, 8, 10, 12

*Rios v. Wirepath Home Systems, LLC*,
    No. 8:19-cv-01921-JLS-KES, 2019 WL 6715044 (C.D. Cal. Dec. 10,
    2019) (Staton, J.).................................................................................3, 4

*Romsa v. Ikea U.S. W., Inc.*,
    No. CV 14-05552 MMM, 2014 WL 4273265 (C.D. Cal., Aug. 28,
    2014) (Morrow, J.)..........................................................................15, 18

*Sabine v. Aaron Brothers, Inc.,*
    CV173177DSFAGRX, 2017 WL 7806596 (C.D. Cal. July 11, 2017)
    (Fischer, J.)..................................................................................15, 18

*Sanchez v. Monumental Life Ins. Co.,*
    102 F.3d 398 (9th Cir. 1996) ...................................................................2

*Surber v. Reliance Nat. Indem. Co.,*
    110 F. Supp. 2d 1227 (N.D. Cal. 2000) ................................................16

*St. Paul Mercury Indem. Co. v. Red Cab Co.,*
    303 U.S. 283 (1938)..................................................................................4

*Townsend v. Brinderson Corp.,*
    2015 WL 3970172 (C.D. Cal. June 30, 2015) ........................................3

*U.S. Bank Nat'l Ass'n v. Azam,*
    2013 WL 12130577 (C.D. Cal. Apr. 30, 2013) ......................................1

*Valdez v. Allstate Ins. Co.,*
    372 F.3d 1115 (9th Cir. 2004) ..............................................................15

*Vergara v. Wells Fargo Bank, N.A.,*
    2015 WL 1240421 (C.D. Cal. Mar. 17, 2015)........................................2

*Vogel v. Harbor Plaza Center, LLC,*
    893 F.3d 1152 (9th Cir. 2018) ..............................................................11

*Vogel v. Rite Aid Corp.,*
    992 F. Supp. 2d 998 (C.D. Cal. 2014) ...............................................5, 6

*Zavala v. Wells Fargo Bank N.A.,*
    2015 WL 3745041 (C.D. Cal. June 12, 2015)......................................1, 2

*Zendano v. BASTA, Inc.,*
    2019 WL 7997228 (C.D. Cal. Apr. 30, 2019) (Klausner, J.) ...............13

**California Cases**

*Davis v. BMI/BNB Travelware Co.,*
    No. CIVDS1504682 (Cal. Super. Ct. filed Apr. 3, 2015) .................. 7, 9, 11, 12

*Davis v. BMI/BNB Travelware Co.,*
    No. CIVDS1504682 (Cal. Super. Ct. Mar. 21, 2016) ............................. *passim*

*Davis v. BMI/BNB Travelware Co.*,
   No. CIVDS1504682 (Cal. Super. Ct. June 24, 2016) ......................................8, 10

*Donald v. Café Royale, Inc.*,
   218 Cal. App. 3d 168 (1990) ...................................................................................6

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (Cal. 2001) .................................................................................13

*Koire v. Metro Car Wash*,
   40 Cal. 3d 24 (1985) ................................................................................................5

*Serrano v. Priest*,
   20 Cal. 3d 25 (Cal. 1997) .......................................................................................13

*Thurston v. Midvale Corporation*,
   No. BC663214 (L.A. Super. Ct. filed May 26, 2017) ................................. *passim*

*Thurston v. Midvale Corporation*,
   No. BC663214 (L.A. Super. Ct. May 21, 2018), *aff'd*, *Thurston v.
   Midvale Corp.*, 39 Cal. App. 5th 634, 252 Cal. Rptr. 3d 292 (Cal. Ct.
   App. 2019) ...............................................................................................................6

*Thurston v. Midvale Corporation*,
   No. BC663214 (L.A. Super. Ct. Oct. 1, 2018) ..........................................8, 9, 10

**Federal Statutes**

28 U.S.C.
   § 1332(a) ...............................................................................................................1, 2
   § 1332(a)(1) .............................................................................................................5
   § 1332(c) ..................................................................................................................3
   § 1446(c)(2) ..........................................................................................................2, 5

ADA ................................................................................................................9, 13, 21

**California Statutes**

Civil Code
   § 51 ..........................................................................................................................5
   § 52 ..........................................................................................................................5
   § 52(a) ......................................................................................................................5
   § 55.56(d) .................................................................................................................7
   Unruh Act ...................................................................................................... *passim*

**Other Authorities**

News Release (testimony of Principal Deputy Assistant Attorney General
    for Civil Rights, Samuel R. Bagenstos, before the House Subcommittee
    on Constitution, Civil Rights and Civil Liberties), 2010 WL 1634981
    (Apr. 22, 2010)..................................................................................................21

PLAINTIFF'S MOTION TO REMAND

## MEMORANDUM OF POINTS & AUTHORITIES

**I.     ARGUMENT**

    **A.     Applicable Law**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "Courts 'strictly construe the removal statute against removal jurisdiction,' and 'the defendant **always** has the burden of establishing that removal is proper.'" *Antonio v. Central Florida Inv., Inc.*, 2016 WL 4267941, at *2 (C.D. Cal. Aug. 11, 2016) (emphasis added) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "[T]here is a '**strong presumption**' against removal jurisdiction," *Zavala v. Wells Fargo Bank N.A.*, 2015 WL 3745041, at *2 (C.D. Cal. June 12, 2015) (quoting *Gaus*, 980 F.2d at 566) (emphasis added), which means that "the court resolves **all** ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (emphasis added). "[F]ederal jurisdiction 'must be rejected if there is **any doubt** as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added) (quoting *Gaus*, 980 F.2d at 566) (citation omitted)). "When a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty that the jurisdictional amount is met." *Blood v. Equifax, Inc.*, 2018 WL 36736960, at *3 (C.D. Cal. July 30, 2018) (quoting *U.S. Bank Nat'l Ass'n v. Azam*, 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013)).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

    (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

        (i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

28 U.S.C. § 1446(c)(2).  Thus, if the defendant's amount in controversy allegation is either contested by the plaintiff or questioned by the court, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

"Under this [preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421, at *1 (C.D. Cal. Mar. 17, 2015) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)); *Zavala v. Wells Fargo Bank N.A.*, 2015 WL 3745041, at *1 (C.D. Cal. June 12, 2015) (Staton, J.) ("On a motion to remand, the Court 'consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"); *see also Gaus*, 980 F.2d at 567 (holding that the party seeking removal must overcome "the 'strong presumption' against removal jurisdiction" by "setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000].").  "Conclusory allegations as to the amount in controversy are insufficient." *Antonio*, 2016 WL 4267941, at *2 (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003)).  "Nor can a defendant establish the amount in controversy by 'mere speculation and conjecture.'" *Antonio*, 2016 WL 4267941, at *2 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

"[N]either *Dart Cherokee* nor [*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015)] mandate that a plaintiff must always submit evidence challenging the amount in controversy." *Garcia v. Lifetime Brands, Inc.*, 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (quoting *Townsend v. Brinderson Corp.*, 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015) (citing cases)). "'Numerous cases after *Dart Cherokee* have concluded, either explicitly or implicitly, that while a plaintiff *may* rebut defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on a motion to remand.'" *Garcia*, 2016 WL 81473, at *4 (emphasis in original) (quoting *Townsend*, 2015 WL 3970172, at *3).

**B.    Plaintiff Concedes That There Is Diversity of Citizenship Between the Parties.**

Plaintiff concedes that there is diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c). Plaintiff only challenges whether Defendant has satisfied the amount in controversy requirement of diversity jurisdiction, which is necessary for removal jurisdiction to exist, as addressed below.

**C.    Plaintiff's Complaint and His Reaffirmation of the Recovery Cap Via the Instant Motion Approximate a Binding Stipulation As Recently Held by the Court in *Rios v. Wirepath Home Systems, LLC*.**

Plaintiff's Complaint, which pleads the amount in controversy, and the instant Motion approximate a binding stipulation. *See, e.g., Martinez v. Johnson & Johnson Consumer Inc.*, - F. Supp. 3d - , 2020 WL 3820392, at *4 (C.D. Cal. July 8, 2020) (Klausner, J.) ("the Court is inclined to agree with *Martinez* and *Rios* in finding that Plaintiff's express limitation in the Complaint (and his reaffirmation of that limitation in the Motion to Remand) constitutes a binding stipulation that Plaintiff will not seek additional attorneys' fees beyond the amount stipulated."); *Martinez v. Epic Games, Inc.*, 2020 WL 1164951, at *3 (C.D. Cal. Mar. 10, 2020) ("the express disclaimer in Plaintiff's Complaint—although not in the form of a formal stipulation –nonetheless conclusively establishes that his statutory damages, attorneys' fees, and costs will not exceed

$75,000.”); *Rios v. Wirepath Home Systems, LLC*, No. 8:19-cv-01921-JLS-KES, 2019 WL 6715044, at *2 (C.D. Cal. Dec. 10, 2019) (Staton, J.) (“[T]aken together, Plaintiff’s Complaint and his reaffirmation of the recovery cap in his papers ***approximate a binding stipulation***, especially because Plaintiff’s assertions would ‘judicially estop[] [him] from arguing for more than $75,000 in damages.”) (emphasis added and citation omitted); *see also Licea v. Vita Liberata USA LLC*, 2019 WL 2448207, at *2 (C.D. Cal. June 12, 2019) (Fischer, J.) (“Plaintiffs are masters of their Complaint and may limit their potential recovery.”); *Licea v. Makeup Eraser LLC*, No. 5:19-cv-00432-PSG-SHK, Dkt. 15 at 1 (C.D. Cal. Apr. 22, 2019) (Gutierrez, J.) (“The motion [to remand] appears to be well-founded, because the complaint on its face limits the amount in controversy to $74,999.”).

In *Brown v. Citibank USA, N.A.*, 2014 WL 5810333 (C.D. Cal. Nov. 7, 2014) (Snyder, J.), the Court granted the plaintiffs’ motion to remand for lack of diversity jurisdiction notwithstanding the disputed amount in controversy.  In particular, the Court explained its rationale as follows:

> “Here, plaintiffs have availed themselves of their right to circumvent federal jurisdiction by expressly limiting their claims to less than $75,000.  ***While defendants are correct that plaintiffs, pursuing their legal arguments to their logical conclusions, would deprive defendants of property interests in excess of $75,000, plaintiffs are still entitled to disclaim any intent to fashion this sort of relief***.  ‘If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.’  *St. Paul Mercury Indem. Co.*, 303 U.S. at 294.  Here, plaintiffs have taken advantage of this expedient, and thus the Court concludes that the amount in controversy is less than $75,000.  Accordingly, the Court finds that diversity jurisdiction does not exist.”

*Brown*, 2014 WL 5810333, at *3.  *Brown* is directly on point.

Here, there is no diversity jurisdiction because Plaintiff’s allegations, damages sought, injunctive relief, and prayer for relief explicitly limit the collective value of the

recovery sought to $74,999.  (Compl. ¶ 28, Prayer for Relief, 2-4.)  Given that Plaintiff has explicitly limited the amount in controversy to no more than $74,999 inclusive of injunctive relief, statutory damages, and attorneys' fees and costs, (Compl. ¶ 28), this action is not properly removable under 28 U.S.C. § 1332(a)(1).

> **D.     Defendant Has Failed to Satisfy Its Burden of Proof to Show that the Exception to the General Rule Applies Under the Preponderance of the Evidence Standard.**

If a plaintiff's express claim is limited to less than the minimum jurisdictional sum, the defendant's "**burden of proof [to prove that jurisdiction exists] must be a *heavy one***." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added). Defendant has failed to satisfy its burden of proof to show that the exception to the general rule applies under the preponderance of the evidence standard.  28 U.S.C. § 1446(c)(2).

> **1.     The Complaint Only Seeks Statutory Damages.**

Plaintiff sets forth one cause of action based exclusively upon California law and seeks statutory minimum damages pursuant thereto (*i.e.*, not actual damages).  (Compl. ¶¶ 21-28; Cal. Civ. Code § 52(a).)  As the Ninth Circuit long ago explained, "The statute [i.e., Civil Code § 52] lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover. Therefore, proof of actual damages is not a prerequisite to recovery of statutory minimum damages." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000) (citing *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 (1985) (stating that the Unruh Act "provides for [statutory] damages aside from any actual damages incurred by the plaintiff") (Section 52 [of the California Civil Code] provides for minimum statutory damages . . . for *every* violation of section 51, *regardless* of the plaintiff's actual damages.") (emphasis in original)); *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1014 (C.D. Cal. 2014) ("Proof of actual damages is not a prerequisite to the recovery of statutory minimum damages.") (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006) (citing *Botosan*)).

"To recover statutory damages, a plaintiff need only show that he was denied full and equal access, ***not that he was wholly excluded from enjoying defendant's services***." *Vogel*, 992 F. Supp. 2d at 1014 (emphasis added) (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d at 1170); *Hubbard v. Twin Oaks Health and Rehabilitation Center*, 408 F. Supp. 2d 923, 932 (E.D. Cal. 2004); *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168, 182 (1990) (holding that "the separate and limited accommodations for dining at [the defendant's restaurant] for the physically handicapped did not constitute equal access" because at best, "only 4, or possibly 5, of the 26 tables in the restaurant were accessible to the physically handicapped," but "[t]hese tables were located in the lower level lounge area, separate from the two raised tiers of the main dining area," such that "[t]he able-bodied patrons were afforded the ambience of dining on raised tiers, while wheelchair-confined patrons were relegated to an area in the bar adjacent to the piano").

As such, the Court should consider the minimum statutory damages of $4,000 sought in the Complaint for purposes of determining the amount in controversy. *See Mejico v. Online Labels, Inc.*, 2019 WL 3060819, at *2 (C.D. Cal. July 12, 2019).

Indeed, as far as Plaintiff is aware, in the only two contested website accessibility cases in which statutory damages were awarded pursuant to the Unruh Act, the plaintiffs received a $4,000 statutory damages recovery. *Thurston v. Midvale Corporation,* No. BC663214 (L.A. Super. Ct., May 21, 2018), *aff'd*, *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634, 252 Cal. Rptr. 3d 292 (Cal. Ct. App. 2019); *Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*, No. CIVDS1504682 (San Bernardino Super. Ct. Mar. 21, 2016) (Pl.'s RJN Exs. 1-2).

As the Ninth Circuit has noted, "the amount in controversy reflects the *maximum* recovery the plaintiff could ***reasonably*** recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (second emphasis added). Given the limited case authority that exists in which courts have awarded statutory damages under the Unruh Act in cases involving alleged website barriers, it is ***unreasonable*** to expect the California Superior Court to award more than $4,000 in statutory damages to Plaintiff upon remand of this

action.  Although a court, in theory, might potentially award an additional $4,000 in regards to a specific, deterred visit "on a particular occasion," (Cal. Civ. Code § 55.56(d)), to Plaintiff's knowledge, ***no court has thus far awarded such additional statutory damages based upon even a single deterred visit to a website***.

Significantly, the Complaint at issue does not seek any actual damages, which is precisely why the Complaint ***does*** expressly seek instead statutory minimum damages as an alternative remedy.

The bottom line is that Defendant has not met its burden in establishing that a statutory damages award of more than $4,000 is likely in this case.

## 2.  Defendant's Estimate of Plaintiff's Attorneys' Fees Is Speculative and Not a Conservative Estimate.

Defendant contends in its Notice of Removal that a "conservative estimate of attorneys' fees that can reasonably be anticipated is . . . at least $100,000." (Notice of Removal at 7:8-9.)  In support, Defendant relies upon: (1) the Declaration of Victoria C. Knowles filed in support of Plaintiff's Motion for Attorneys' Fees and Costs on April 13, 2016 in *Davis v. BMI/BNB Travelware Co.*, No. CIVDS1504682 (Cal. Super. Ct.) ("*Davis*") calculating a lodestar of $67.961.25 and seeking a total fee request of $118,932.19, which included a 1.75 multiplier, (Dkt. 1-3; Lahti Decl. Ex. B; Knowles Decl. of 4/13/16 ¶¶ 2, 8); and (2) the Declaration of Victoria C. Knowles filed in support of Plaintiff's Motion for Attorneys' Fees and Costs on September 7, 2018 in *Thurston v. Midvale Corp.*, No. BC663214 (Cal. Super. Ct.) ("*Thurston*") calculating a lodestar of $116,675 and seeking a total fee request of $163,345, which included a 1.4 multiplier, (Dkt. 1-2; Lahti Decl. Ex. A; Knowles Decl. of 9/17/18 ¶¶ 6, 13).

In *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018), the Ninth Circuit held therein that "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy ***if the defendant fails to satisfy [its] burden of proof***."  *Id.* at 795 (emphasis added).  Indeed, in *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847 (C.D. Cal. Sept. 3, 2019), the Court, citing

*Fritsch*, noted that "courts should still reject a defendant's calculation of future attorneys' fees if it fails to satisfy its burden of proof using 'summary-judgment-type evidence.'" *Id.* at *5.

As the Court recently noted, "calculations of attorneys' fees should be 'conservative estimates.'" *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *5 (C.D. Cal. Sept. 3, 2019).

As explained below, Plaintiff submits that Defendant's estimate of Plaintiff's future attorneys' fees is grossly excessive and speculative. *Pettingill v. Scottsdale Ins. Group*, 2008 WL 200011, at *2 (E.D. La. Jan. 18, 2008) ("arguments of counsel and counsel's subjective belief are not enough to defeat remand").

### a.   Defendant Omits the Awards in *Davis v. BMI/BNB Travelware Co.* and *Thurston v. Midvale Corp.*

Defendant curiously omits that the California Superior Court in *Davis v. BMI/BNB Travelware Co.*, No. CIVDS1504682 (Cal. Super. Ct.), awarded only $38,818.75 in attorneys' fees on June 24, 2016, (*see* Pl.'s RJN Ex. 3) and the court in *Thurston v. Midvale Corp.*, No. BC663214 (Cal. Super. Ct.), awarded only $56,645 in attorneys' fees on October 1, 2018, (*see* Pl.'s RJN Ex. 4).   Notably, the court in *Thurston v. Midvale Corp.* made the following comments:

- ● "This was not a particularly difficult case." Pl.'s RJN Ex. 2 at 4:12.
- ● "The issues presented in the motion [for summary judgment] were not complex." *Id.* at 4:17.
- ● "[I]t was certainly not a novel or unique undertaking for plaintiff's counsel given that, by their own admission, they specialize in this area." *Id.* at 4:19-20.
- ● "Due to the lack of novelty and complexity of the issues, the court declines to grant the requested multiplier." *Id.* at 5:18-19.

b.     **The Fee Requests Sought in Both** *Davis v. BMI/BNB* *Travelware Co.* **and** *Thurston v. Midvale Corp.* **Sought Multipliers, Which Is Unreasonable to be Awarded in the Instant Action.**

Notably, the fee requests sought in both *Davis* and *Thurston v. Midvale Corp.* sought multipliers.  In particular, a 1.75 multiplier was sought in *Davis*, (Dkt. 1-3; Lahti Decl. Ex. B; Knowles Decl. of 4/13/16 ¶ 8), whereas a 1.4 multiplier was sought in *Thurston*, (Dkt. 1-2; Lahti Decl. Ex. A; Knowles Decl. of 9/17/18 ¶ 13).  Not surprisingly, Defendant refuses to acknowledge in its Notice of Removal that multipliers were sought in those particular cases nor does it address the likelihood that such multipliers would be sought and awarded herein if Plaintiff were to prevail in the instant action.  (Notice of Removal at 7:1-9; Doc. 1; Page ID #7.)

Plaintiff submits that it is currently unrealistic to expect a court to award a multiplier based on the development of the case law in the area of the ADA and the Unruh Act in the website context over the past decade and beyond.  Indeed, the landmark decision in *National Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) ("The [ADA] statute applies to the services *of* a place of public accommodation, not services *in* a place of public accommodation."), was decided over 14 years ago.  In addition, Defendant fails to recognize in its Notice of Removal that the court in *Thurston v. Midvale Corp.* made the following comments:

● "This was not a particularly difficult case." Pl.'s RJN Ex. 4 at 4:12.

● "The issues presented in the motion [for summary judgment] were not complex." *Id.* at 4:17.

● "[I]t was certainly not a novel or unique undertaking for plaintiff's counsel given that, by their own admission, they specialize in this area." *Id.* at 4:19-20.

● "Due to the lack of novelty and complexity of the issues, the court declines to grant the requested multiplier." *Id.* at 5:18-19.

By citing the Knowles declaration filed in *Thurston v. Midvale*, one can infer that Defendant would be amenable to conceding the lack of novelty or complexity with respect to the instant action. This begs the question why Defendant has refused, nevertheless, to acknowledge in its Notice of Removal that a multiplier surely does not apply to the instant action, but Defendant still relies on calculations of Plaintiff's anticipated attorneys' fees, ***which are predicated upon a multiplier being awarded***. As this Court recently noted, "calculations of attorneys' fees should be 'conservative estimates.'" *Reyes*, 2019 WL 4187847, at *5. Defendant's presumption that Plaintiff shall be awarded a multiplier herein is not a "conservative estimate."

  **c.**   **The Actual Fee Awards Imposed in *Davis v. BMI/BNB Travelware Co.* and *Thurston v. Midvale Corp.* Are Far More Relevant in Evaluating a Realistic Fee Award in the Instant Action Than the Fee Award Requests Made Therein.**

Regardless of the attorneys' fees sought by non-parties like Cheryl Thurston and Edward Davis in other cases, the fact remains that the court in *Davis* awarded only $38,818.75 in attorneys' fees on June 24, 2016, (*see* Pl.'s RJN Ex. 3) and the court in *Thurston* awarded only $56,645 in attorneys' fees on October 1, 2018, (*see* Pl.'s RJN Ex. 4), which is far less than the $75,001 threshold amount.

The actual recovery of prevailing plaintiff attorney's fees under the Unruh Act in similar court cases is surely far more relevant in evaluating a realistic fee award than the fee requests themselves.

  **d.**   ***Baracco v. Brooks Brothers Group, Inc.* Is Directly on Point.**

Defendant ignores that the Court recently found it "unlikely that attorneys' fees in a case with similar allegations would amount to over $25,001." *Baracco v. Brooks Brothers Group, Inc.*, 2019 WL 276840, at *4 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.). *Baracco* is directly on point because it similarly involved a claim brought by a legally blind individual under the Unruh Act regarding the inaccessibility of a website. *Id.* at *1.

Needless to say, assuming that the Court estimated the number of hours to litigate the case through trial as no more than 100 hours, that means that the Court applied a modest hourly rate of approximately $250/hour.  Even if the Court calculated such hourly rate as exceeding that figure, the hourly rate estimated by the Court therein was surely closer to $250/hour than $750/hour.

### e.   Defendant Fails to Take a Position Regarding the Appropriate Hourly Rates for Plaintiff's Counsel.

"We emphasize that the lodestar amount is calculated by multiplying 'the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate.' "  *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis in original and citation omitted).

Instead of taking a clear and unambiguous position regarding the appropriate hourly rate that Plaintiff's counsel should receive in the instant action, Defendant makes no attempt to articulate its position.  Instead, Defendant merely attaches the Knowles declarations filed in the *Thurston* and *Davis* actions as support in conclusory fashion. (Notice of Removal at 7:6; Page ID #7.)  The Knowles declaration in *Davis* sets forth a range of hourly rates for attorneys between $375-$775.  (Doc. 1-3; Page ID #61.)  The Knowles declaration in *Thurston* sets forth a range of hourly rates for attorneys between $500-$750.  (Doc. 1-2; Page ID #27.)  Simply put, Defendant can't have it both ways. On one hand, Defendant wants to maintain the appearance that it agrees with such ranges of hourly rates reasonable at least for purposes of the instant Motion (without actually agreeing), but, on the other hand, Defendant wants to maintain wiggle room to deny that such hourly rates would be reasonable in the instant action in the event that Plaintiff winds up prevailing at the end of the action.  In reality, Defendant has not conceded that such hourly rate ranges would be reasonable for Plaintiff's counsel to apply in the instant action.  Indeed, Defendant does not even propose ***any*** hourly rates as reasonable under the circumstances.

**f.     Defendant Fails to Take a Position Regarding the Number of Hours that Plaintiff's Counsel Should Reasonably Expend on the Instant Action.**

Defendant's counsel makes no attempt at all to estimate the number of hours that Plaintiff's counsel is likely to expend on this case.  As such, Defendant's conclusory estimate of the total amount of attorneys' fees to be incurred in this case does not constitute a "conservative estimate," as required.  *Reyes*, 2019 WL 4187847, at \*5.

Although Defendant relies upon the Knowles declarations submitted in the *Davis* and *Thurston* actions, it is noteworthy that Defendant fails to actually take a position regarding whether hours set forth in such declarations were reasonably expended to litigate those actions.  For example, Defendant conveniently omits to mention that 21.25 hours incurred in the *Davis* action were expended to prepare the motion for attorneys' fees filed in that action.  (Dkt. 1-3; Page ID #65-#66.)  In other words, the motion practice relating to that motion could have been avoided if the defendant therein had reasonably cooperated in agreeing upon a stipulated fee award once the judgment had been entered (which was not subject to an appeal).

Simply put, Defendant wants to maintain wiggle room to deny that such number of hours would be reasonable in the instant action in the event that Plaintiff winds up prevailing at the end of the action.  In reality, Defendant has not conceded that the number of hours expended in the *Davis* and *Thurston* actions would be reasonable for undersigned counsel to incur in the instant action.  Indeed, by comparison, this Court has recently found 100 hours to be appropriate in "employment cases" through trial.  *Reyes*, 2019 WL 4187847, at \*5.  Defendant made no attempt in its Notice of Removal to compare the complexity of the instant action with other cases including employment cases.

And, in *Baracco v. Brooks Brothers Group, Inc.*, No. CV 18-9208 PSG (JPRx), 2019 WL 276840, at \*4 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.), the Court held in a similar case brought by a blind plaintiff under the Unruh Act regarding the inaccessibility of a website that it was "unlikely that attorneys' fees in a case with similar allegations

would amount to over $25,001." *Id.* at *4. Needless to say, assuming that the Court applied a modest hourly rate of approximately $250/hour, that means that the Court estimated the number of hours to litigate the case through trial as no more than 100 hours.

> **g.** **Defendant Fails to Identify What Percentage of Time Should Apply a Partner Rate Versus a Lower Rate.**

Needless to say, it would be unreasonable for a court to approve a senior partner's hourly rate for ***all*** attorney tasks on a matter. As the Court has previously held, "'[P]adding' in the form of ***inefficient*** or duplicative efforts is not subject to compensation." *Zendano v. BASTA, Inc.*, 2019 WL 7997228, at *4 (C.D. Cal. Apr. 30, 2019) (Klausner, J.) (emphasis added) (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (Cal. 2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 48 (Cal. 1997))); *Baez v. Pension Consulting Alliance, Inc.*, 2018 WL 2572643, at *3 (C.D. Cal. Apr. 30, 2018) (Klausner, J.) ("Plaintiff argues the Court should reduce these hours by 50% because they either ***could have been delegated to more junior (and less expensive) attorneys***, or otherwise should have taken experienced counsel less time. Defendants counter that then counsel efficiently performed these tasks and that they voluntarily excluded 9 hours for preliminary research. The Court, however, agrees that 90 hours for experienced attorneys to perform the research necessary for an anti–SLAPP motion in a case of this difficulty is excessive and warrants a 50% reduction.") (emphasis added); *Hernandez v. Grullense*, 2014 WL 1724356, at *8 (N.D. Cal. Apr. 30, 2014) ("***[M]uch of the work claimed in this case was routine work that should reasonably have been performed by less senior attorneys***, but was instead performed by Rein. With four decades of experience in this area, Rein is an authority on ADA litigation. But in light of that specialized knowledge and his commensurately high billing rate, ***Rein should reasonably limit his involvement to matters requiring his level of skill***.") (emphasis added); *Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.").

Defendant makes no attempt at all to address what percentage of time would be appropriate in terms of the allocation of various hourly rates to specific tasks. For example, does Defendant believe that a partner-level rate should be applied to 25 percent or 50 percent of attorney tasks or some other percentage either higher or lower?

The foregoing amply illustrates that Defendant's Notice of Removal is based upon speculation and conjecture, with unreasonable assumptions. *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, ***with unreasonable assumptions***.") (emphasis added); *Avila v. Con-Way Freight, Inc.*, 2012 WL 12887771, at *2-*4 (C.D. Cal. May 18, 2012) (holding that the defendant's calculations of the amount in controversy were "completely unreliable").[1]

Given that Defendant has a heavy burden of proof to prove that diversity jurisdiction exists, *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1031 (C.D. Cal. 2016) ("The removing party therefore bears a heavy burden to rebut the presumption against removal.") (citing *Gaus*, 980 F.2d at 566), Defendant's failure to carry its burden should require this Court to disregard Defendant's grossly exorbitant estimate as far too speculative to rely upon. *See Mejico v. Online Labels, Inc.*, 2019 WL 3060819, at *3 (C.D. Cal. July 12, 2019) (Wright, J.); *Antonio v. Central Florida Inv., Inc.*, No. 8:16-cv-1032-JLS-KESx, 2016 WL 4267941, at *3 (C.D. Cal. Aug. 11, 2016) (Staton, J.); *Cabanillas v. Select Portfolio Servicing, Inc.*, 2016 WL 1600827, at *5 (C.D. Cal. Apr. 20, 2016) ("[T]hese arguments amount to nothing more than speculation.") (quoting *Johnson v. Wells Fargo Home Mortgage*, 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012)) ("Finally, Defendant argues that the complaint seeks general damages in excess of $25,000, and that Plaintiff's counsel is billing at a rate of $400 per hour, meaning that 'were this case to go to trial Plaintiff's counsel would be required to expend approximately 125 hours in preparation,' for a total of $50,000 in attorney's fees.

---

[1] The Court's emphasis regarding the need for a "reliable estimate" or "reliable calculation" was made clear in *Avila*. *Avila*, 2012 WL 12887771, at *3 ("reliable estimate") ("reliable calculation"); *id.* at *4 ("reliable, based-in-fact calculations"); ("reliable estimates").

Alternatively, Defendant contends that even with a minor loan modification, reducing Plaintiff's monthly payment by $250 per month, that reduction would total $62,500 by the end of the remaining term of Plaintiff's loans. . . . [T]hese arguments amount to nothing more than speculation. . . .”); *Sabine v. Aaron Brothers, Inc.*, CV173177DSFAGRX, 2017 WL 7806596, at *2 (C.D. Cal. July 11, 2017) (Fischer, J.) (holding that the defendant offered purely speculative and conjectural alleged amounts in controversy that improperly “reflect a ‘bold optimistic prediction’ rather than a reasonable estimate of plaintiff's claims”) (citing *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal., Aug. 28, 2014) (Morrow, J.)); *Ibarra*, 775 F.3d at 1197 (“[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, ***with unreasonable assumptions***.”) (emphasis added); *Grant v. Nunez*, 2011 WL 3022532, at *1 (C.D. Cal. July 20, 2011) (Snyder, J.) (“A speculative argument as to the amount in controversy is insufficient.”) (citing *Gaus*, 880 F.2d at 567); *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *20 (C.D. Cal. June 22, 2012) (Morrow, J.) (“Given the Ninth Circuit's direction that the removing party produce ‘summary-judgment-type evidence’ showing that the amount in controversy requirement is met, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), the court concludes that defendants have not adduced adequate proof of the amount of attorneys' fees that should be used to calculate the amount in controversy.  Therefore, the court declines to consider [plaintiff's] prayer for attorneys' fees in determining the amount in controversy.”); *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court “cannot base [its] jurisdiction on a defendant's speculation and conjecture”).

Indeed, in *Antonio v. Central Florida Inv., Inc.*, 2016 WL 4267941 (C.D. Cal. Aug. 11, 2016) (Staton, J.), the Court held:

> “Plaintiffs' complaint seeks punitive damages and attorneys' fees. . . . This is insufficient to satisfy Defendants' burden of proof.  All Defendants have done is point out that Plaintiffs have demanded punitive damages and attorneys' fees and

assumed on that basis that the amount in controversy exceeds the jurisdictional amount. Where, as here, the defendant fails to offer any evidence of the potential punitive damages or attorneys' fees, the amount in controversy requirement is not satisfied."

*Id.* at \*3 (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)) (refusing to add attorneys' fees and punitive damages to the amount in controversy where the defendant failed to offer any evidence as to their amount).  Because Defendant's calculation of Plaintiff's future attorneys' fees is speculative and not a "conservative" estimate as required based upon "summary-judgment-type evidence," the Court should reject consideration of any attorneys' fees from its calculation of the amount in controversy.

### 3. Defendant Has Failed to Reasonably Calculate the Cost of Injunctive Relief by a Preponderance of the Evidence.

"In the Ninth Circuit, the value of the injunction for purposes of determining the amount in controversy may be assessed from 'either viewpoint,' that is, the amount that either party can gain or lose from the case."  *Baracco v. Brooks Brothers Group, Inc.*, 2019 WL 276840, at \*3 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.) (citing *In re Ford Motor Co./Citibank (So. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)).

#### a. The Prayer for Relief Limits the Cost of Injunctive Relief Sought.

As an initial matter, the prayer for relief in the Complaint "expressly limits the injunctive relief to require that Defendant expend no more than $20,000 as the cost of injunctive relief[.]"  (Compl. at 9:23-24.)

#### b. Defendant Has Failed to Address the Cost to Hire an Outside Vendor to Remediate the Website to Remove the Specific Barriers Alleged in the Complaint.

Defendant's Notice of Removal is entirely conclusory in estimating that "the cost of compliance, monitoring, and maintenance of the Website to comply with Plaintiff's

allegations and demands to Dropps is certain to exceed $75,000." (Notice of Removal at 8:2-3.) Similarly, Defendant's contention that it "has engaged a third-party contractor to monitor its Website compliance at an annual subscription cost of $17,000," (Notice of Removal at 8:6-8), is unsubstantiated via summary judgment style of evidence. "[A]rguments of counsel and counsel's subjective belief are not enough to defeat remand . . . ." *Pettingill v. Scottsdale Ins. Group*, 2008 WL 200011, at *2 (E.D. La. Jan. 18, 2008).

In addition, Defendant's assumption that a court would enter a consent decree imposing injunctive relief to ensure an accessible website for an indefinite period of time is unrealistic. Indeed, a federal court recently entered a consent decree, which was allowed to remain in effect for only twenty-four months. (Consent Decree in *Diaz v. Taskrabbit, Inc.* ¶ 12; RJN Ex. 5 at 3.)

Defendant was required to set forth in the removal petition itself the underlying facts supporting its assertion. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (the party seeking removal must overcome "the 'strong presumption' against removal jurisdiction" by "setting forth, ***in the removal petition itself***, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000].") (emphasis added).

Defendant fails to address the extent to which Defendant is relying upon a specific estimate by an outside vendor regarding a cost estimate to evaluate and remediate its website at www.dropps.com (the "Website") based upon the alleged communication barriers mentioned in the Complaint. (Compl. ¶ 18.) This matters. *See Martinez v. Johnson & Johnson Consumer Inc.*, - F. Supp. 3d - , 2020 WL 3820392, at *3 (C.D. Cal. July 8, 2020) (Klausner, J.) ("Defendant does not appear to have consulted with a vendor as to the costs of updating the website."). Indeed, during the parties' meet and confer, which was conducted in writing, Plaintiff made the following specific request to Defendant via a letter as follows:

"Please identify and produce for inspection the specific admissible evidence Defendant is relying upon to support its contention that the injunctive relief sought in the Complaint 'is certain to exceed $75,000.' (Notice of Removal at 8:2-3.) In particular, please identify and produce for inspection the specific evidence Defendant is relying upon regarding any cost estimate from any third-party contractor who has made a remediation proposal regarding the specific barriers identified in the Complaint relating to Defendant's website at issue herein."

(Ferrell Decl. ¶ 2.) Defendant failed to respond to Plaintiff's request at all. *Id.* ¶ 3. In other words, Defendant completely failed to respond to Plaintiff's meet and confer letter emailed to Defendant's counsel on October 9, 2020. *Id.* Thus, Defendant has completely avoided addressing the cost to hire an outside vendor to remediate its Website to eliminate the communication barriers contained therein. *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

Based on the foregoing, the Court should disregard Defendant's grossly exorbitant estimate as far too speculative to rely upon. *See Mejico v. Online Labels, Inc.*, 2019 WL 3060819, at *3 (C.D. Cal. July 12, 2019) (Wright, J.). The bottom line is that Defendant offers purely speculative and conjectural alleged amounts in controversy that improperly "reflect a 'bold optimistic prediction' rather than a reasonable estimate of plaintiff's claims." *Sabine v. Aaron Brothers, Inc.*, 2017 WL 7806596, at *2 (C.D. Cal. July 11, 2017) (citing *Romsa v. Ikea U.S. W., Inc.*, 2014 WL 4273265, at *2 (C.D. Cal., Aug. 28, 2014) (Morrow, J.)); *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, ***with unreasonable assumptions***.") (emphasis added); *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court "cannot base [its] jurisdiction on a defendant's speculation and conjecture"); *Grant v. Nunez*, 2011 WL 3022532, at *1 (C.D. Cal. July 20, 2011) (Snyder, J.) ("A speculative argument as to the amount in controversy is insufficient.") (citing *Gaus*, 880 F.2d at 567); *Cabanillas v. Select Portfolio Servicing,*

*Inc.*, 2016 WL 1600827, at *5 (C.D. Cal. Apr. 20, 2016) ("[T]hese arguments amount to nothing more than speculation.") (quoting *Johnson v. Wells Fargo Home Mortgage*, 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012) ("[T]hese arguments amount to nothing more than speculation. . . .").

### c.   *Baracco v. Brooks Brothers Group, Inc.* Supports Plaintiff's Position.

The decision in *Baracco v. Brooks Brothers Group, Inc.*, 2019 WL 276840 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.), is instructive.  In *Baracco*, the plaintiff, who is legally blind, sued the defendant in California Superior Court under the Unruh Act because of the inaccessibility of the defendant's website.  The plaintiff stated in the complaint that he sought to limit the cost of injunctive relief to $15,000 or less.  *Id.* at *2.  The defendant removed the action to the federal district court based on diversity jurisdiction.  ***Although the defendant filed a declaration from its employee averring that it had engaged a third-party vendor to update its website to make its website more user-friendly for visually impaired individuals at a total price of over $150,000***, the district court held that the defendant had failed to provide "substantive evidence" of how much it would cost to implement the injunctive relief sought by the plaintiff to remediate the defendant's website.  *Id.* at *3.  The district court explained:

> "[T]he Court finds that this declaration is insufficient to show under the preponderance of evidence standard that the value of the injunction is 'far greater than $15,000.'  The declaration states only that an unknown portion of the vendor's work was devoted to updating the website to be more user-friendly to visually impaired individuals.  The Court cannot estimate, without any reasonable basis, how much of the $150,000 accounted for such work.  ***It may very well be that the actual cost of making the website more accessible to visually impaired individuals accounted for only a small portion of the total amount***.  And as Plaintiff correctly points out, '[h]ow much Defendant may have spent on its

1  Website in the past has no bearing on the cost of remedying specific access barriers

2  that are currently present on its Website.'

3  Although the Court does not doubt that an overhaul of a global retail website

4  may cost a significant amount, ***without more substantive evidence of how much it***

5  ***would cost to implement the injunctive relief Plaintiff seeks***, the Court has no

6  choice but to credit Plaintiff's limitation of $15,000 for the cost of injunctive

7  relief."

8  *Baracco*, 2019 WL 276840, at *3 (internal citations omitted) (emphasis added).

9  *Baracco* lends strong support to Plaintiff's position because it shows that

10  Defendant has failed to provide ***any*** substantive evidence of how much it would cost to

11  implement the injunctive relief sought by Plaintiff via a third-party vendor.

12  **d.   A Website Remediation Vendor Has Estimated that the**

13  **Remediation Cost Shall Be Well Under $20,000.**

14  Plaintiff has offered competent evidence via the Declaration of VaShaun Jones

15  dated October 14, 2020, the business owner of Fedora Outlier LLC ("Fedora Outlier"),

16  that the remediation of Defendant's Website by an outside, third-party vendor should cost

17  approximately $14,300.  (Jones Decl. ¶ 4 & Ex. 1.)

18  Even if this Court disregards the Jones Declaration in its entirety, as the Court has

19  previously noted, "'while a plaintiff *may* rebut defendant's evidence with his or her own

20  evidence, he or she need not do so in order to prevail on a motion to remand.'" *Garcia v.*

21  *Lifetime Brands, Inc.*, 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (Staton, J.)

22  (emphasis in original) (citation omitted).  Thus, Plaintiff can prevail on the instant Motion

23  without rebutting Defendant's purported evidence.

24  **e.   The Finding in *Gil v. Winn-Dixie Stores, Inc.* Is Significant.**

25  In *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340 (S.D. Fla. 2017), *appeal*

26  *docketed*, No. 17-13467 (11th Cir. Aug. 1, 2017), the district court made a factual finding

27  that the plaintiff's accessibility expert testified at trial that his company could fix all of

28  the problems on the defendant's commercial website for $37,000 or less.  *Id.* at 1347-48.

-20-

**f.**      **The U.S. Department of Justice Has Provided Guidance Indicating that Remediating Websites Is Not Especially Costs.**

The congressional testimony of Samuel R. Bagenstos, Principal Deputy Assistant Attorney General for Civil Rights, United States Department of Justice, before the House Subcommittee on Constitution, Civil Rights and Civil Liberties on April 22, 2010, is noteworthy:

> "Making websites accessible is neither difficult ***nor especially costly***, and in most cases providing accessibility will not result in changes to the format or appearance of a site."

*See* News Release (testimony of Principal Deputy Assistant Attorney General for Civil Rights, Samuel R. Bagenstos, before the House Subcommittee on Constitution, Civil Rights and Civil Liberties), 2010 WL 1634981 (Apr. 22, 2010) (emphasis added).  Thus, the Department of Justice, which is the government agency charged with enforcing the ADA, has publicly taken the position that making websites accessible is not "especially costly."

## II.      CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court grant the instant Motion and such other and further relief as it deems appropriate.

Dated:  October 20, 2020                   PACIFIC TRIAL ATTORNEYS
                                                              A Professional Corporation

                                                              By:  _/s/Scott J. Ferrell_____
                                                              Scott J. Ferrell
                                                              Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2020, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell