UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Abelardo Martinez, Jr.,

    Plaintiff,

v.

CotN Wash, Inc.,

    Defendant.

2:20-cv-09327-VAP-AGRx

**Order GRANTING Motion to Remand (Dkt. 11)**

Before the Court is Plaintiff Abelardo Martinez, Jr.'s ("Plaintiff") Motion to Remand ("Motion"). (Dkt. 11). After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion.

## I.     BACKGROUND

Plaintiff is permanently blind and uses screen readers in order to access the internet and read website content. (Dkt. 1-4, ("Compl."), ¶ 7). Plaintiff claims that "despite several attempts to use and navigate [Defendant's] Website, Plaintiff was denied the full use and enjoyment of the facilities and services of the Website as a result of accessibility barriers …." (*Id.*)

On August 31, 2020, Plaintiff filed suit against Defendant Cot'n Wash, Inc. d/b/a Dropps ("Dropps" or "Defendant") in the California Superior Court

for the County of Los Angeles.  (Dkt. 1-4).  Plaintiff asserts one claim for violation of California's Unruh Civil Rights Act due to the alleged accessibility barriers on Defendant's Website.  (*Id.*)  Defendant removed the case to this Court on October 8, 2020 based on diversity jurisdiction, contending that the amount in controversy exceeds $75,000.  (Dkt. 1).  Plaintiff timely seeks to remand the case arguing that Plaintiff's express limitation of the amount in controversy in the Complaint thwarts a finding of diversity jurisdiction.  (Dkt. 11).  Defendant filed an Opposition on November 2, 2020 (Dkt. 13), and Plaintiff replied on November 9, 2020 (Dkt. 15).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.   28 U.S.C. § 1332.  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), superseded by statute on other grounds as stated in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  There is

a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." (*Id.*) "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). "Some courts have required that these affidavits or stipulations be executed prior to the notice of removal as a sign of their bona fides[.]" *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) (citation omitted). "Notwithstanding this, district courts within this circuit have remanded actions on the condition that a plaintiff stipulate to seeking less than the jurisdictional minimum or submitting an affidavit binding him or her not to accept any amount meeting the jurisdictional minimum." (*Id.* at 1038–39) (collecting cases).

## III. DISCUSSION

The sole issue is whether Defendant has met its burden to show that the amount in controversy exceeds $75,000. Plaintiff asserts that Defendant has failed to meet its burden of proving by a preponderance of evidence that the amount in controversy meets this jurisdictional threshold. Defendant

argues that the combination of statutory damages, injunctive relief, and attorneys' fees sought by Plaintiff will exceed the jurisdictional threshold. The Court agrees with Plaintiff.

### A. Statutory Damages

Cal. Civil Code § 52(a) permits an award of statutory damages "in no case less than $4,000" for violations of the Unruh Act. Here, the Complaint seeks $4,000 in statutory damages and no actual damages. Defendant fails to provide sufficient evidence countering Plaintiff's estimate of statutory damages. Thus, the Court finds that the statutory damages are likely to be no more than $4,000.

### B. Injunctive Relief

When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." (*Id.*)

Plaintiff argues that his allegation that "the injunctive relief [would] require that Defendant expend no more than $20,000" is a binding

4

stipulation that must be honored by the Court.  (Dkt. 11, at 3-6).  Plaintiff is incorrect.  Although a plaintiff reserves the right to limit his monetary damages in the complaint, Courts in this district have ruled that a plaintiff cannot expressly limit the cost of injunctive relief, and this Court agrees. *See Martinez v. Johnson & Johnson Consumer Inc.*, No. 2:20-CV-04316-RGK (PDx), 2020 WL 3820392, at *2 (C.D. Cal. July 8, 2020) (*citing Martinez v. Epic Games, Inc.*, No. CV 19-10878-CJC (PJWx), 2020 WL 1164951, at *3 (C.D. Cal. Mar. 10, 2020)) (explaining that the court was "highly skeptical that Plaintiff's disclaimer would have any effect at all. Defendant would have no choice but to comply with the injunction ordering it to change its website, regardless of whether the cost of doing so would exceed Plaintiff's self-imposed $20,000 ceiling.").

Nevertheless, the Defendant must carry its burden to show by a preponderance of evidence that the injunctive relief will cost enough to carry the amount in controversy over the jurisdictional threshold.  Both parties have submitted evidence of the estimated cost of injunctive relief in this case.  Defendant argues that in response to the instant lawsuit, "Dropps hired AudioEye, Inc. at a price of $17,000 per year to ensure the Website's compliance and to perform continuous monitoring to ensure future compliance with all accessibility guidelines." (Dkt. 13, at 10).  Thus, according to Defendant, "the $17,000 annual cost to Dropps of complying with the injunctive relief Plaintiff seeks, assuming no price increase, would cause Dropps to exceed the $75,000 threshold in about four-and-a-half years." (*Id.*, at 11).  Defendant's argument lacks merit.

5

As Plaintiff points out, Defendant's estimates do not consider the specific access barriers that would need to be changed on Defendant's website to make it accessible to the blind. Indeed, the Agreement that Defendant entered into with AudioEye, Inc. fails to mention the specific access barriers alleged in the Complaint. Rather, the Agreement provides estimates for remediating "certain common issues of accessibility" among other general services. Notably, the Agreement appears over-inclusive of what is needed to remediate the issues that Plaintiff complains of. Given the breadth of the Agreement, the actual cost of making the website more accessible to visually impaired individuals may only account for a small portion of the total cost. Plaintiff, in contrast, produced a declaration from a website remediation vendor estimating the total cost of the initial and ongoing maintenance for the exact changes sought by Plaintiff at $14,300. (Declaration of Vashaun Jones, Dkts. 11-2, 11-3). Without more substantive evidence that the cost of the injunctive relief sought in this case will exceed $14,300, the Court credits Plaintiff's Complaint, as supported by the Motion to Remand and the Jones Declaration, that the injunctive relief will cost no more than $20,000. *See Martinez*, 2020 WL 3820392, at *3.

### C. Attorneys' Fees

The court must include future attorneys' fees recoverable by statute when assessing whether the amount in controversy requirement is met. *Fritsch*, 899 F.3d at 794.

Here, the Complaint expressly limits Plaintiff's recovery such that the combined total of the injunctive relief, statutory damages, and attorneys'

fees does not exceed $74,999.  Thus, if Plaintiff is seeking $4,000 in damages and $20,000 in injunctive relief, it follows that the Complaint attempts to expressly limit Plaintiff's recovery of attorneys' fees to no more than $50,999.

Defendant contends that Plaintiff cannot limit the amount he recovers in attorneys' fees and argues that, even under the most conservative estimates, Plaintiff's attorneys' fees alone will exceed $75,000.  In support of this argument, the Defendant asserts that Plaintiff's counsel requested fees exceeding $75,000 in two cases involving similar claims as those here.  (Dkt. 13, at 17-18).  Plaintiff, on the other hand, contends that Defendant's calculation is excessive and too speculative to carry its burden of proof, and furthermore, that Plaintiff's express limitation on the amount of recovery operates as a binding stipulation preventing him from later seeking more in attorneys' fees.  The Court agrees with Plaintiff.

It is proper for the Plaintiff to expressly limit his recovery of attorneys' fees as his express limitation operates as a stipulation preventing him from later seeking more in fees.  *See Martinez*, 2020 WL 3820392, at *3 (citing *Martinez*, 2020 WL 1164951, at *2–3; *see also Rios v. Wirepath Home Systems, LLC*, No. 8:19-cv-01921-JLS (KESx), 2019 WL 6715044, at *2 (C.D. Cal. Dec. 10, 2019) (holding "taken together, Plaintiff's Complaint and his reaffirmation of the recovery cap in his papers approximate a binding stipulation, especially because Plaintiff's assertions would 'judicially estop[] [him] from arguing for more than $75,000 in damages.'")).

7

Defendant has not cited to any authority directly holding that it is improper for Plaintiff to stipulate to a limitation on attorneys' fees. In the absence of such authority, the Court is inclined to agree with the two *Martinez* cases and *Rios* in finding that Plaintiff's express limitation in the Complaint (and his reaffirmation of that limitation in the Motion to Remand) constitutes a binding stipulation that Plaintiff will not seek additional attorneys' fees beyond the amount stipulated. *See Martinez*, 2020 WL 3820392, at *4.

In sum, Defendant has not shown by a preponderance of the evidence that the combined cost of injunctive relief, attorneys' fees, and statutory damages will exceed $75,000. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case and remands this action to state court for all future proceedings.

## IV.  CONCLUSION

The Court therefore GRANTS Plaintiff's Motion and REMANDS this case to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated:   11/18/20

Virginia A. Phillips
United States District Judge